**Josephine LOCKHART, Plaintiff,**

v.

**Thomas J. MANGOGNA, et al., Defendants.**

No. 82–379C(2).

United States District Court, E.D. Missouri.

Sept. 23, 1985.

Theodora W. Weston, St. Louis, Mo., for plaintiff.

Judith A. Ronzio, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on plaintiff's motion for new trial, motion to alter or amend judgment, and motion to make additional findings of fact and suggestions in support thereof.

In support of her motion plaintiff argues that the Court's reliance on *Haythe v. Decker Realty Co.*, 468 F.2d 336 (7th Cir. 1972), was a misapplication of the law to the facts of the case at bar. Plaintiff incorrectly states that the Court primarily relied on *Haythe* "in holding that if plaintiff had been white/male that in all likeli-

hood the transaction with LRA would not have been consummated with her." The Court cited *Haythe* for the proposition that "the mere fact that a black person and a white person are competing for the purchase of property and the white person is ultimately sold the property is not enough to show racial discrimination under Title VIII," and for the proposition that one must look at the circumstances surrounding the transaction in determining whether or not there has been a violation of Title VIII. *Lockhart v. Mangogna,* No. 82–379C(2) at 6–7 (E.D.Mo. June 10, 1985). The Court believes that its reliance on this case was proper and not a misapplication of law to fact.

Plaintiff also argues in support of her motion that a number of the factual findings made by the Court were clearly erroneous. The Court, having carefully reviewed these findings, finds that they are the correct findings to be adduced from the evidence presented at trial.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for new trial, motion to alter or amend judgment, and motion to make additional findings of fact be and are DENIED.